IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORNELIUS MADDOX,

          Plaintiff,                      OPINION & ORDER

v.

                                          10-cv-831-wmc

PETER ERICKSEN, MARK S. STUTLEEN,
WENDY BRUNS, DENNIS MOSHER,
MALEAH CUMMINGS, and MARIA
AMARANTE,

          Defendants.

---

On July 24, 2013, the court granted summary judgment against plaintiff Cornelius Maddox on his claim that defendants, all employees of the Wisconsin Department of Corrections ("DOC"), violated his First Amendment rights by approving his transfer to the general population unit of the Wisconsin Secure Program Facility in retaliation for filing a lawsuit complaining about inadequate dental care at the Green Bay Correctional Institution.  (Dkt. #63.)  The next day the clerk of the court entered judgment in defendants' favor.  (Dkt. #64.)  Before the court are two motions by Maddox: (1) a motion for reconsideration (dkt. #65); and (2) a motion for extension of time to file a notice of appeal and to rescind his Rule 59(e) motion (dkt. #66).  Both motions will be denied.

OPINION

**I.  Motion for Reconsideration**

The Federal Rules of Civil Procedure do not contemplate a "motion for reconsideration," but do allow for a motion to alter or amend the judgment pursuant to


Fed. R. Civ. P. 59 (e) if "filed no later than 28 days after entry of the judgment." Since Maddox filed his motion *exactly* 28 days after the entry of judgment against him, the court will consider it as such. Even so, "a Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995); *see also Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 729 (7th Cir. 1999) (quotation marks and citation omitted).

The court already considered the facts now reasserted in Maddox's motion for reconsideration, including that the record did not permit a finding that defendants had knowledge of Maddox's dental care complaint before the transfer recommendation, although there was evidence of possible knowledge before the transfer decision itself. (7/24/13 Op. & Order (dkt. #63) 11.) Even assuming the timing of the developments in Maddox's dental care complaint aligned in his favor, the court also concluded -- consistent with Seventh Circuit caselaw – that proximity in timing alone is not enough for Maddox's claim to survive summary judgment. (*Id.* at 11-12 (citing *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008) ("mere temporal proximity is not enough to establish a genuine issue of material fact" (internal quotation omitted)).

On September 9, 2013, Maddox submitted an affidavit averring for the first time that on October 3, 2008, his social worker Ms. C. Heil told him that she saw the defendants being served a copy of his civil complaint and that she believed Maddox was

being retaliated against because of his pursuing civil lawsuits against the Green Bay officials.  (Affidavit of Cornelius Maddox (dkt. #67) ¶¶ 1-6.)  The court must reject any request for reconsideration of its summary judgment opinion based on this motion for at least two reasons.  First, the purported new evidence is hearsay and therefore inadmissible.  Second, even assuming his affidavit constituted admissible evidence, Maddox offers no reason why these "new" factual allegations in his affidavit could not have been submitted as part of his summary judgment submission.  On the contrary, the affidavit indicates Maddox's conversation with Ms. Heil took place more than two years before he filed this lawsuit (dkt. #1) and almost five years before he submitted his brief in opposition to defendants' motion for summary judgment (dkt. #60).  Accordingly, the court will deny Maddox's motion for reconsideration.[1]

**II. Motion for Time to File Notice of Appeal and To Rescind Rule 59(e) Motion**

In his second motion, Maddox claims that:  (1) he was misinformed by a "prison litigator" of discovery protocol in this court; and (2) absent this confusion, he would have proffered additional information as to defendants' knowledge of his dental care complaint in further support of his retaliation claim. (Dkt. #66.)  Now, with the help of another "prison litigator," Maddox wishes to file a Fed. R. Civ. P. 60(b) motion "based on the evidence presented and discovery request that never took place due to

---

[1] In light of Maddox's second motion, it appears he may have wished to withdraw his original Rule 59(e) motion.  Because some of the issues raised in his Rule 59(e) motion touch on his motion for time to file a notice of appeal, the court has nonetheless considered the motion.  Moreover, if plaintiff were to withdraw his motion under Rule 59(e), the time in which he could file a notice of appeal may have lapsed.

inadvertence of [the original prison litigator's] inadequate understanding of civil procedure." (*Id.* at 2.) Specifically, Maddox points to his affidavit describing the same statements attributed to Heil just discussed above. The court rejects this evidence as a basis for relief under Rule 60, for the same reasons it did under Rule 59(e) as described above.

**With the court's entry of this order on Maddox's Rule 59(e) motion, the thirty-day period of time in which to file a notice of appeal begins to run.** Fed. R. App. P. 4(a)(A). The court sees no basis -- and certainly not one constituting "excusable neglect or good cause" -- to extend that period of time for appeal to allow Maddox an opportunity to file a Rule 60 motion. Fed. R. App. P. 4(a)(5). Moreover, a Rule 60 motion will not stop the appeal clock. Fed. R. App. P. 4(a)(A)(vi) (limiting effect on notice of appeal to Rule 60 motions filed within 28 days of entry of judgment).

ORDER

IT IS ORDERED that:

1) plaintiff Cornelius Maddox's motion for reconsideration (dkt. #65) is DENIED; and

2) plaintiff's motion for extension of time to file a notice of appeal and to rescind his Rule 59(e) motion (dkt. #66) also is DENIED.

Entered this 16th day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge